UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,    Criminal No. 15-cr-20767

  Plaintiff,        HON. TERRENCE G. BERG
               United States District Judge

v.

ERIC WESLEY SARGENT,

  Defendant.

---

## UNITED STATES' SENTENCING MEMORANDUM

Defendant pleaded guilty to several counts of the Third Superseding Indictment all involving the illegal possession of ammunition by a convicted felon.   This matter is before the court for sentencing.

### SUMMARY OF THE OFFENSE

On February 12, 2014, officers were dispatched to 7054 Brewer Road, Mundy Township, Michigan, during the early morning hours following several 911 calls by neighbors that someone was shooting a "machine gun" out the back door of the residence.   The 911 operator was able to hear the shots being fired during one of the calls.   Officers made contact with defendant who denied firing a gun and refused to exit the residence. Defendant finally left the residence late in the afternoon.

During the execution of a search warrant officers seized over 40 firearms and over 21,000 rounds of ammunition.   Included among the

firearms seized was a stolen firearm, large capacity magazines, and assault rifles capable of being converted to a fully automatic machine gun.   The majority of the firearms and ammunition were seized from a locked storage room in the basement.   A shotgun and two black powder guns were found in an upstairs bedroom.   Over 100 rounds of ammunition were found in the basement living area among defendant's belongings.

Additionally, spent shell casings were recovered inside the basement living area and about five feet from the walk-out basement window.   A tree about 25 feet away and in direct line with the window where the shell casings were found had what appeared to be fresh damage consistent with being shot multiple times.   A neighbor identified this as the general location where a he had seen gun fire coming from defendant's residence.   ATF ballistics experts matched the shell casings to a semi-automatic rifle seized from the locked room.

Located in a barn on the property were 88 marijuana plants. Processed and drying marijuana buds were also found in the barn.   In the residence, six jars of processed marijuana were found under the defendant's bed and a box of processed marijuana was found in the storage room with the guns.   Two scales were seized from the basement living area.

In April 2015 a second search warrant was executed at defendant's residence on Crawford Street in Flint, Michigan.   In addition to the rounds of ammunition identified in counts 10 through 15 of the Third Superseding Indictment, defendant had in excess of 20,000 rounds of ammunition or components.   Two presses used to reload ammunition were found.

Also seized was approximately 18 marijuana plants and a quantity of processed marijuana.   With the marijuana, officers found a ledger that appeared to have drug quantities together with $1,912.00 in a black pouch.

Recovered from defendant's cell phone was a video recording of defendant providing a minor with an assault rifle.   Defendant supervised as the child shot the gun at a target that exploded when hit by the bullet.   The incident took place at the Brewer Street residence.

### SENTENCING FACTORS

The United States Supreme Court held in *United States v.* Booker, 543 U.S. 220, 245-46 (2005), that the sentencing guidelines were no longer mandatory but rather advisory in nature.   The "Federal Sentencing Act … requires a sentencing court to consider Guideline ranges … but it permits the court to tailor the sentence in light of other statutory concerns as well." *Id.* Title 18, United States Code, Section 3553(a) instructs district courts to

"impose a sentence sufficient, but not greater than necessary" to accomplish the four purposes of sentencing:   retribution, deterrence, incapacitation, and rehabilitation.   *See Tapia v. United States*, 131 S.Ct. 2382, 2387 (2011). The relevant statutory factors a district judge is required to consider are:   (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.   18 U.S.C. § 3553(a).   A district judge when imposing a sentence has discretion to balance the importance of each of these factors and to give whatever weight he deems is warranted by the facts of the particular case.   *United States v. Zobel*, 696 F.3d 558, 571-72 (6th Cir. 2012); *United States v. Thomas*, 2011 WL 4014345 (6th Cir. 2011) (quoting *United States v. Gall*, 552 U.S. 38, 57 (2007)).

When sentencing a defendant, the law is clear that, first, the

sentencing guideline range must be correctly calculated.   *United States v. Gall*, 128 S. Ct. 586, 601 (2007).   Defendant pleaded guilty to being a convicted felon in possession of ammunition which carries a maximum penalty of ten years' imprisonment.   The Probation Department calculated the guidelines in this case to be 87 to 108 months based on a total offense level 27 and a criminal history category III.   Neither party has objected to the findings in the presentence report.

Because the guidelines are now advisory, the court can impose a sentence within, above, or below the sentencing guidelines in light of the statutory considerations set forth above.   Although the sentencing guidelines are the "starting point" and "initial benchmark" for any sentence imposed, "they are now just one of the numerous factors that a district court must consider when sentencing a defendant."   *United States v. McBride*, 434 F.3d 470, 475 (6th Cir. 2006).   In this case, evaluating all the statutory factors, a sentence at the top of the sentencing guideline range is appropriate to reflect the seriousness of the offense, defendant's significant criminal background, deterrence, to promote respect for the law and to protect the community from future crimes by this defendant.

5

There is clearly a need for the sentence in this case to reflect the seriousness of the offense.   It is undeniable that violent crime and the illegal possession of ammunition and firearms constitutes a significant problem in Genesee county.   There is an increased danger to others when lethal weapons get into the hands of dangerous criminals.   "The principal purpose of the federal gun control legislation, … was to curb crime by keeping firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency."   *Huddleston v. United States*, 415 U.S. 814, 824 (1974); *United States v. Burton*, 241 FedAppx. 316 (6th Cir. 2007).

In 2014, Defendant had in his possession over 40 firearms, including assault rifles, machine guns and a stolen handgun.   He also possessed more than 21,000 rounds of ammunition.   Approximately one year later he also possessed a significant amount of ammunition and components.   An agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives reports that the amount of ammunition possessed by defendant would be similar to what an average sized gun store would keep in stock.

As set forth above, the seriousness of the offense is accentuated because defendant recklessly discharged one of the semi-automatic assault

rifles in a residential neighborhood.   This firearm as well as several others kept by defendant including machine guns, are extremely dangerous weapons.   In terms of dangerousness, the circumstances of this case clearly show that defendant's possession of and discharge of a very powerful firearm was a direct threat to the safety of others in the community.   The seriousness of the crime requires a very significant sentence.

Sargent has an extensive substance abuse history, which involves alcohol, marijuana and cocaine use.   He was a member of the Flying Wheels Motorcycle Club where he held the title of "Enforcer".

Defendant is a violent criminal prohibited from possessing firearms or ammunition.   He has spent most of his adult life involved with the criminal justice system.   At age 17, he was convicted of retail fraud.   Within one year of this conviction he was sentenced for "no throwable PFD".   Both cases were closed after the fines were paid.

Two months' later defendant was arrested for home invasion and assault with intent to rob while armed.   Defendant entered a residence without permission and assaulted the victim by dragging him outside and kicking him in the face.   He was sentenced to probation under the Holmes Youthful Trainee Act (HYTA).   HYTA status was revoked as a result of new

criminal conduct and defendant was placed in a boot camp program.

The new criminal behavior as well involved assaultive behavior. Defendant broke into a house to collect money that was owed from a cocaine sale.   Defendant grabbed one individual by the throat and then threw him to the ground.   He also grabbed a female and threw her to the ground.   He received a 30-day sentence.

Over the next few years, defendant committed only minor offenses. He was however convicted in 2011 of assault/resisting/obstructing police. Officers attempted to stop defendant for a traffic violation.   Defendant fled from police and disappeared behind the Flying Wheels Motorcycle Club. Club members persuaded defendant to exit the building where he was then arrested.   He was sentenced to a term of 1-year probation. Later that same year defendant was convicted of domestic violence.   The case was dismissed after defendant paid a fine and attended domestic violence classes.

Approximately nine months after being discharged from probation, defendant was arrested for impaired driving.   His blood alcohol level was almost twice the legal limit.   Officers described defendant as belligerent and violent.   Defendant received a 90-day suspended sentence together with six

months' probation.   A bench warrant was issued for defendant's failure to appear for a show cause hearing.   Defendant was under the supervision of the court when he committed this offense.

Additionally, while on bond in this case, defendant was brought before this Court for failure to comply with the conditions of release.   He has tested positive for cocaine and marijuana and had an incident involving the mother of his child where he came at her swinging a baseball bat.

Defendant has repeatedly been engaged in violent criminal conduct. Sargent's prior probationary sentences have had little deterrent effect on his behavior.   Such a pattern of criminal behavior clearly shows that there is a need in this case for a significant sentence to afford adequate deterrence, protect the public from future crimes involving this defendant, and to promote respect for the law.   The Sixth Circuit has held that not only are these valid considerations under Section 3553(a) but they are factors that may also justify an above-guidelines variance.   *United States v. Melchor*, 515 Fed.Appx. 444, 447 (6th Cir. 2013) (defendant was a continuing threat with little hope of rehabilitation); *United States v. Tristan-Madrigal,* 601 F.3d 629, 635 (6th Cir. 2010) (upward variance reasonable because longer sentence was necessary to protect the public and promote respect for the law); *United*

*States v. Gleason,* 277 Fed.Appx. 536, 545 (6th Cir. 2008) (affirming upward variance "to protect the public from future crimes of this Defendant"); *United States v. Smith,* 474 F.3d 888, 894 (6th Cir.2007) (affirming upward variance based on defendant's prior convictions, history of drug abuse, an "utter disregard for the law throughout the [defendant's] life," and "keep[ing] [defendant] off the street"); *United States v. Bolds,* 511 F.3d 568, 582 (6th Cir.2007) (upward variance affirmed resulting from defendant's "consistently contumacious conduct in failing to abide by the terms of ... release," as well as need for drug treatment); *United States v. Wells,* 473 F.3d 640, 645 (6th Cir. 2007) (affirming variance "to protect the public from further crimes of this defendant"); *United States v. Barton,* 455 F.3d 649, 658-60 (6th Cir.), *cert. denied,* 549 U.S. 1087(2006) (affirming upward variance where "the district court determined that defendant's mental health needs were better served by a longer sentence served in a facility where he could receive adequate treatment"); *United States v. Ragland,* 226 Fed.Appx. 507, 511 (6th Cir.2007) (upward variance affirmed based on defendant's "consistent pattern of ... conduct"); *United States v. Williams,* 214 Fed.Appx. 552, 556 (6th Cir.2007) (affirming upward variance based on defendant's "intractability"); *United States v. Ferguson,* 456 F.3d 660, 666-67 (6th

10

Cir.2006) (affirming upward variance); *United States v. Matheny,* 450 F.3d 633, 640 (6th Cir.2006) (variance where defendant "had prior convictions ... yet always received suspended sentences").

## CONCLUSION

Defendant pleaded guilty to a serious offense that requires a significant sentence.   Coupled with defendant's background and criminal history it is clear that defendant has a high risk of reoffending.   He is a continuing threat to the community.   He has shown little indication that absent a significant sentence that his behavior will change.   For these reasons a sentence at the top of the sentencing guidelines is necessary to provide deterrence, to protect the community, and to promote respect for the law.

For these reasons the United States requests that the Court sentence defendant to a term of imprisonment for 108 months.

Respectfully Submitted,

BARBARA L MCQUADE
UNITED STATES ATTORNEY

s/ NANCY A. ABRAHAM (P42060)
Assistant United States Attorney
2nd Floor Federal Building
600 Church Street
Flint, MI   48502
(810) 766-5177

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2017, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jeffrey E. Clothier

s/Jessica Stanton
United States Attorney's Office

12