UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **ERIC WESLEY SARGENT**, Defendant. | 4:15-cr-20767 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION FOR HABEAS RELIEF** |

    Eric Wesley Sargent was convicted of multiple counts of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). In 2017, this Court sentenced him to 60 months in prison for the offense. He is presently incarcerated at Federal Correctional Institution Allenwood Low ("FCI Allenwood Low"), in Pennsylvania. The case is primarily before the Court on two separate habeas motions. In the first, Sargent seeks sentencing relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which changed how the Bureau of Prisons ("BOP") awards sentence credit for good conduct. ECF No. 44. The second habeas motion claims that Sargent is entitled to vacatur of his sentence under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 47. That opinion requires that, to prove the elements of felon in possession of a firearm, 18 U.S.C. § 922(g), the government must establish both that the defendant knew he possessed a firearm, and that he knew he belonged to

1

a class of individuals prohibited from possessing firearms—here, individuals with a prior felony conviction. The government has also filed a motion to transfer Sargent's second-filed habeas petition to the Sixth Circuit on the basis that it is an impermissible second or successive 28 U.S.C. § 2255 motion. ECF No. 55. In response, Sargent moved to withdraw his first petition requesting recalculation of his good-conduct credit under the First Step Act. ECF No. 56. He also filed a subsequent motion for summary judgment asking the Court to move forward in ruling on his second habeas petition. ECF No. 58.

As requested by Sargent, and to avoid the issue of a potential second or successive habeas motion, the Court will permit Sargent to withdraw his first habeas motion, ECF No. 44, seeking relief under the First Step Act. As Sargent acknowledges in his motion to withdraw, it is the BOP, not the sentencing Court, that computes and applies sentencing credit. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Because Sargent's initial habeas motion will be stricken, the Court will deny as moot the government's motion to transfer his second habeas motion to the Sixth Circuit, ECF No. 55, and proceed with adjudicating Sargent's second habeas motion, ECF No. 47, which seeks sentencing relief under *Rehaif*.

## BACKGROUND

In 2016, Sargent pled guilty to 10 counts of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The Third Superseding Indictment alleged that he possessed "21,502 rounds of miscellaneous

caliber live ammunition" as well as 50 rounds of .44 caliber Winchester ammunition and 121 rounds of .22 caliber Remington ammunition. ECF No. 33, PageID.260; ECF No. 41, PageID.292, 299 (Mar. 10, 2017 Judgment).

Sargent tendered his guilty plea without signing a written plea agreement. ECF No. 51, PageID.402 (Oct. 17, 2016 Plea Colloquy Tr.). During the plea colloquy this Court explained that, to prove the offense of felon in possession at trial, the government would have to establish, among other elements, that "prior to this date in the indictment, [Sargent] [was] convicted of a felony offense." ECF No. 51, PageID.413. The Court then specifically asked Sargent—concerning the dates on which he had admitted possessing ammunition—"[a]nd at that time, had you already been convicted of a felony offense?" *Id.* at PageID.415. Sargent responded, "Yes, your Honor." *Id.* at PageID.415, 417. After a thorough inquiry, the Court concluded that Sargent's guilty plea was "supported by an independent basis of fact as to each of the essential elements of the offenses." *Id.* at 418. Sargent was consequently sentenced to 60 months in prison on each count, to be served concurrently. ECF No. 41, PageID.293.

Sargent's first-filed habeas motion seeks sentencing relief under the First Step Act, which amended 18 U.S.C. § 3624 to alter how the Bureau of Prisons calculates credit towards a prisoner's sentence for good conduct. Under the Act, prisoners serving eligible sentences may receive

a credit "of up to 54 days for each year of the prisoner's sentence . . . subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b). Before the First Step Act, prisoners could receive a maximum of 47 days per year of good-conduct time. *See* Pub. L. No. 115-391, § 102(b), 132 Stat. 5194, 5210. These changes to how good-time credit is calculated did not take effect until July 19, 2019, when the Attorney General submitted the "risks and needs assessment system" Congress directed him to develop in connection with the First Step Act. *See Bottinelli v. Salazar*, 929 F.3d 1196, 1197–98 (explaining the "risks and needs assessment system" in more detail); 18 U.S.C. § 3632(a); U.S. DEP'T OF JUSTICE, *The First Step Act of 2018: Risk and Needs Assessment System* (Jul. 19, 2019). Sargent filed his motion requesting recalculation of his good-conduct time on May 10, 2019, before the relevant portion of the First Step Act went into effect. ECF No. 44.

Three months later, on August 19, 2019, Sargent filed a 28 U.S.C. § 2255 habeas motion seeking modification or vacatur of his sentence under the Supreme Court's recent decision in *Rehaif*. ECF No. 47. That opinion held that, to prove a violation of 18 U.S.C. § 922(g), which prohibits certain individuals—including those with prior felony convictions—from possessing firearms, the government must establish that the defendant both knew that he possessed a firearm, and that he

knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. 2191. Sargent claims he was unaware that federal law prohibited him from possessing a firearm or ammunition because of his previous felony conviction, and that he is therefore entitled to modification or vacatur of his sentence under *Rehaif*.

Upon receiving Sargent's second habeas motion, the government moved to transfer it to the Sixth Circuit as an impermissible second or successive § 2255 motion. ECF No. 55. Generally, prisoners must receive permission from the appeals court to file more than one habeas motion. *See* 28 U.S.C. § 2244(b)(3). The Court notes that claims alleging that the BOP failed to properly award sentence credit are properly addressed in a § 2241—rather than § 2255—petition but declines to make any determination as to whether Sargent's second-filed habeas motion would have been a second or successive petition had he not withdrawn his initial habeas motion. *See United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992). Sargent, acknowledging that "this court does not have the legal authority or [j]urisdiction" to consider his claim about calculation of good-time credit, now seeks to withdraw his first-filed habeas motion. ECF No. 56, PageID.431. The Court will allow him to do so. The motion likely lacked merit because it falls to the BOP, rather than the sentencing court, to recalculate good-conduct credits under the First Step Act. The Court will adjudicate Sargent's second-filed—and now sole remaining—habeas motion seeking relief under *Rehaif*,

## LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." As relief, the prisoner may ask the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)). This standard is met only in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962). Accordingly, not every alleged error of law can be raised on a § 2255 motion. *Davis*, 417 U.S. at 346.

## DISCUSSION

Sargent argues that he is entitled to sentencing relief under the Supreme Court's 2019 decision in *Rehaif*. That opinion held that, to establish the elements of 18 U.S.C. § 922(g), which prohibits certain categories of individuals from possessing, transporting, or receiving

firearms in interstate commerce, the government "must show that the defendant knew he possessed a firearm and also . . . knew he had the relevant [prohibited] status when he possessed it." *Rehaif*, 139 S. Ct. at 2200. Here, that would require establishing that Sargent knew he was a felon. *See United States v. Hobbs*, 953 F.3d 853, 855 (6th Cir. 2020); 18 U.S.C. § 922(g)(1) (prohibiting any person previously convicted of a felony from possessing a firearm). To satisfy *Rehaif*, the Sixth Circuit has clarified that the government need only establish that the defendant knew he had "been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year," i.e. a felony. *Hobbs*, 953 F.3d at 856 (quoting 18 U.S.C. § 922(g)(1)).

Sargent argues that the government never established that he knew federal law prohibited him from possessing a firearm because of his prior felony conviction. ECF No. 47, PageID.370. Indeed, at sentencing Sargent suggested he had been unaware that his felony conviction made it illegal for him to possess firearms. *See* ECF No. 43, PageID.315–16 (Feb. 23, 2017 Sentencing Tr.). But the Sixth Circuit, in *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) *cert. denied*, *Hope v. United States*, 140 S. Ct. 815 (Mem.) (2020), held that *Rehaif* requires only that the government establish the defendant knew he belonged to a class of individuals listed in § 922(g); not that he knew that class of individuals was prohibited by federal law from possessing firearms. Essentially, knowing one's status as a felon is distinct from knowing that individuals

7

with prior felony convictions are prohibited from possessing firearms under federal law. *See United States v. Hawkins*, No. 18-20155-1, 2020 WL 206465, at *4 (E.D. Mich. Jan. 14, 2020). Only where a person lacks knowledge as to his status as a convicted felon would habeas relief be available under *Rehaif*. Accordingly, "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code" prohibiting him from possessing a firearm. *Bowens*, 938 F.3d at 797. Ignorance of the law or a mistake of the law is not a viable defense. *See Cheek v. United States*, 498 U.S. 192, 199 (1991).

Sargent is ineligible for modification or vacatur of his sentence under *Rehaif* because he made on-the-record statements during his plea colloquy evincing knowledge that he had a prior felony conviction at the time he possessed the ammunition at issue. *See* ECF No. 51, PageID.413. Statements made by a defendant in open court "carry a strong presumption of verity." *Blackedge v. Allison*, 431 U.S. 63, 74 (1977). When specifically asked whether he had already been convicted of a felony when he possessed the ammunition, Sargent responded "Yes, your Honor." *Id.* at PageID.415, 417. Accordingly, he admitted knowledge of his relevant status during the plea colloquy for his § 922(g) offenses. The Court found Sargent "fully competent and capable of entering an informed plea" and deemed his guilty plea both "knowing and voluntary" and "supported by an independent basis of fact as to each of the essential elements of the

offenses." ECF No.51, PageID.418. Sargent "knew he had the relevant [prohibited] status when he possessed [the ammunition]," *Rehaif*, 139 S. Ct. at 2200. As such, he is not entitled to habeas relief under *Rehaif*.

## CONCLUSION

For these reasons, Eric Wesley Sargent's motion for habeas relief under *Rehaif* (ECF No. 47) is **DENIED**. Sargent's motion to withdraw his initial motion for habeas relief (ECF No. 56) is **GRANTED**. The motion for habeas relief under the First Step Act (ECF No. 44) is accordingly **STRICKEN**. The government's motion to transfer Sargent's second habeas motion to the Sixth Circuit (ECF No. 55) is therefore **DENIED AS MOOT**. The motion for summary judgment on the second habeas petition filed by Sargent (ECF No. 58) is **DENIED AS MOOT** because it seeks the same relief as Sargent's underlying habeas petition

**SO ORDERED.**

Dated: April 30, 2020     s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE