UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC WESLEY SARGENT**, Petitioner, vs. **UNITED STATES OF AMERICA**, Respondent. | 4:15-CR-20767-TGB-MJH-1 **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF NO. 62)** |

Petitioner Eric W. Sargent has filed a Motion for Compassionate Release. ECF No. 62. This is a *pro se* filing and must be construed liberally. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). In his motion, Mr. Sargent outlines the conditions at Allenwood Federal Prison Camp, his fear of contracting COVID-19 while incarcerated, the time left on his sentence, and ultimately requests a modification of his term of imprisonment through immediate release. ECF No. 62, PageID.458 ("I am asking that you please help me get out and grant me immediate release or compassionate release."). Given this information, the Court will treat this motion as requesting release under 18 U.S.C. § 3582(c)(1)(A)(i).

While the Court is concerned about Mr. Sargent's allegations regarding the conditions of the facility in which he is currently housed, because the petition fails to provide sufficient information to allow the

1

Court to determine whether there is any basis under § 3582(c)(1)(A)(i) that would support release, the motion will be denied without prejudice. This means Mr. Sargent may file his motion again provided that he include specific and detailed information in support of his request—such as by providing medical records—that provides the reasons why he believes he is eligible for compassionate release.

Courts may grant a motion for compassionate release and reduce a petitioner's sentence only if the conditions laid out in 18 U.S.C. § 3582(c)(1)(A)(i) are met. This statute allows either the Bureau of Prisons to make the motion or a defendant to do so on his or her own behalf. If a defendant is going to make the motion, however, a court can only consider the motion if the following two conditions are met:

(1) The defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on their behalf. U.S.C. § 3582(c)(1)(A). This means the defendant must first ask the warden of their facility to recommend a compassionate release motion for them. If the request is denied, the defendant must make any appeals that are allowed under Bureau of Prisons policy in order to "fully exhaust" their rights of appeal. If the defendant's request and all appeals are denied, this condition is met. Alternatively, this condition can be met if a defendant files a request with their

warden and does not receive a response within thirty days. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

(2) The defendant must have "extraordinary and compelling reasons" to justify a reduction in their term of imprisonment. Recently, the Sixth Circuit Court of Appeals indicated that when a defendant files his or her own motion for compassionate release, judges have full discretion to determine what counts as "extraordinary and compelling." *United States v. Jones*, 980 f.2d 1098, 1109 (6th Cir. 2020). However, there are several categories of extraordinary and compelling reasons set out in United States Sentencing Commission Guidelines that would generally qualify. These reasons include serious medical concerns, the age of the defendant (if they are over sixty-five years old and meet certain other conditions), family circumstances, or other reasons. *See generally* United States Sentencing Commission, *Guidelines Manual*, § 1B1.13 (Nov. 2018), attached.

Here, Mr. Sargent has not provided sufficient information to demonstrate that he has exhausted his administrative rights to appeal: it is unclear whether he has asked his warden for compassionate release. While Mr. Sargent says he "tried to apply for the Care Act but was denied," it is not clear to whom or when he applied and the record does not contain any materials regarding requests for release. ECF No. 62,

3

PageID.458. Because the Court does not have any evidence that Mr. Sargent has met the exhaustion requirement, his petition will be denied.

Mr. Sargent has also not provided any information regarding the key factor under (2) to be considered: his medical condition, medical concerns, or other information that might qualify as "extraordinary and compelling" circumstances. He needs to provide the Court with information indicating that his health conditions are such that he is particularly susceptible to the potentially dangerous consequences of contracting COVID-19, or some other evidence showing that his circumstances are "extraordinary and compelling." Again, while the Court acknowledges Mr. Sargent's concerns regarding the spread of COVID-19 in Allenwood, without such information, the Court has no way of determining whether Mr. Sargent meets the standard for granting compassionate release.

## CONCLUSION

For these reasons, the Court hereby **DENIES WITHOUT PREJUDICE** Petitioner's motion for compassionate release (ECF No. 62). If Mr. Sargent wishes to do so, he can re-file his motion with a fuller explanation of his eligibility for compassionate release and proof of exhaustion, and the Court will evaluate his request accordingly.

**SO ORDERED.**

Dated: January 19, 2021         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE